IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for GUARANTY BANK,<br><br>Plaintiff,<br><br>-v.-<br><br>GOLDMAN, SACHS & CO. and DEUTSCHE BANK SECURITIES INC.,<br><br>Defendants. | Civil Action No. 14-cv-129-SS |
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for GUARANTY BANK,<br><br>Plaintiff,<br><br>-v.-<br><br>RBS SECURITIES INC.,<br><br>Defendant. | Civil Action No. 14-cv-126-SS |

**STIPULATION AND [PROPOSED] ORDER GOVERNING EXPERT DISCLOSURE AND DISCOVERY**

{G0081562.1}

This matter comes before the Court by Stipulation of the Plaintiff the Federal Deposit Insurance Corporation as Receiver for Guaranty Bank ("FDIC") and Defendants Goldman Sachs & Co. LLC, Deutsche Bank Securities Inc. and RBS Securities Inc. ("Defendants," and together with the FDIC, the "Parties") in the above-captioned actions ("Actions"), for the entry of an Order Governing Expert Disclosure and Discovery.

The Parties, by and among their respective counsel, having stipulated and agreed to the terms set forth herein in the Stipulation and [Proposed] Order Governing Expert Disclosure and Discovery ("Stipulation"):

1. The Parties agree to modify the requirements of Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, or any other potentially applicable law, rule, or regulation governing these Actions (the "Applicable Rules"), with respect to the scope of discovery in these Actions concerning documents or information created in connection with these Actions by or on behalf of any witness whom a Party (a "Sponsoring Party") expects to call at trial or any hearing to provide expert testimony (a "Testifying Expert"). The Parties further agree that nothing in this Stipulation shall make discoverable any document or information that would not have been otherwise discoverable under the Applicable Rules.

2. Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(a)(2) and 26(b)(4), except to the extent specifically provided below, the following documents shall not be the subject of discovery and no questions concerning their content or existence shall be permitted at any deposition, hearing or trial:

  a. drafts or non-final versions of: materials, summaries, charts, illustrative documents, exhibits, declarations, affidavits, analyses, reports or other documents created or prepared by or for, or provided to, the Testifying

   Expert in connection with these Actions (including any such materials prepared by (i) persons working under the Testifying Expert's supervision, (ii) the Sponsoring Party or its counsel, including agents and/or consultants of counsel or (iii) other agents or consultants of the Sponsoring Party);

b. work papers, preliminary or intermediate programs, preliminary or intermediate calculations, preliminary or intermediate computations, preliminary or intermediate analyses, or preliminary or intermediate data runs created or prepared by or for, or provided to, the Testifying Expert in connection with the Actions (including any such materials prepared by (i) persons working under the Testifying Expert's supervision, (ii) the Sponsoring Party or its counsel, including agents and/or consultants of counsel or (iii) other agents or consultants of the Sponsoring Party);

c. notes, comments, edits, mark-ups, or riders to documents prepared in connection with any expert report;

d. materials or information that may have been reviewed or considered by the Testifying Expert, but not relied upon by the Testifying Expert in forming any opinion, *provided, however*, that nothing herein shall prevent a party from inquiring, or preclude a Testifying Expert from disclosing, during the Testifying Expert's deposition, at a hearing, or at trial as to whether or why any material, information, fact or analysis was or was not considered by the Testifying Expert regardless whether

such material, information, fact or analysis was relied upon; and

e. documents constituting or reflecting any oral or written communication between or among the Testifying Expert (or persons supporting the Testifying Expert) and some or all of the following:

   i. any person working under the Testifying Expert's direction,

   ii. any other Testifying Expert, including any person working under such Testifying Expert's direction,

   iii. the Sponsoring Party, including any attorney or other agent or consultant of the Sponsoring Party,

   iv. in-house or outside counsel for the Sponsoring Party, including personnel, agents or consultants supporting the in-house or outside counsel,

   v. non-testifying consultants to the Sponsoring Party, including personnel supporting the non-testifying consultants,

   vi. Notwithstanding anything to the contrary in Paragraph 2, the Parties may inquire about communications that: (1) relate to compensation for the Testifying Expert's study or testimony; (2) identify facts or data that the Testifying Expert relied upon in forming the opinions to be expressed and that are not otherwise disclosed in the Testifying Expert's report or other materials produced in connection with the Testifying Expert's report; or (3) identify assumptions that the Testifying Expert relied on in forming the opinions to be expressed and that are not otherwise

disclosed in the Testifying Expert's report or other materials produced in connection with the Testifying Expert's report, and the information described in this Paragraph 2(e)(vi) shall not be considered "Protected Information," as that term is defined in Paragraph 3, below.

3. The Parties agree that the information identified in, and not exempted from, Paragraph 2(a) – (e) (the "Protected Information") shall be considered attorney work product and subject to the protections from disclosure in the Actions or in any other proceedings as permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Parties also agree that merely providing documents to a Testifying Expert does not, by itself, make documents Protected Information. The Parties further agree:

    a. there will be no inquiries, at depositions, hearings, or at trial into the existence of or nature of the Protected Information.

    b. to the extent any Party obtains Protected Information through means other than discovery in these Actions, the Party will make no use of such Protected Information in these Actions, regardless of the source of materials.

4. Documents and other written materials required to be delivered in connection with any expert report under Rule 26(a)(2)(B) shall be identified at the time the expert report is delivered to any Party by Bates number if such documents have been produced in the Actions, or otherwise shall be identified with reasonable particularity, and copies of such documents, if they have not been produced in the Actions, shall be produced within five (5) business days from the time the expert report is delivered to any Party; *provided, however*, (i)

that if a Party produces such documents after the deadline in the operative Scheduling Order for service of the expert report, the deadline for any Party to serve a rebuttal to the expert report shall be extended by the same number of days; and (ii) that the Sponsoring Party may prepare and use additional demonstrative exhibits prior to or during the course of any trial or hearing (including recesses) so long as such demonstrative exhibits are provided to the Parties in the Actions reasonably before their use at any trial or hearing and the receiving parties have an opportunity to object to their use. In connection with serving an expert report, the Sponsoring Party need not produce, but must nevertheless identify, any of the following relied upon by the Testifying Expert: (i) transcripts of depositions taken in the Actions, by name of deponent and date of deposition, (ii) exhibits from depositions taken in the Actions, by exhibit number, and (iii) cases, statutes, treatises, and publicly available regulatory filings, reasonably consistent with "Bluebook-style" citation format. Spreadsheets, data sets, and similar supporting materials shall be produced in native electronic format. Documents produced in native format may be stripped of their metadata, provided that formulas, hidden fields and algorithms in native format documents that are required to derive the results displayed in them are preserved.

5.　　The Parties, Testifying Experts (including any staff assisting the Expert), counsel for the Parties and/or other agents of the Parties in these Actions do not have any independent obligation under the terms of this Stipulation to retain Protected Information, except the data, information, documents or materials identified in Paragraph 2(e)(vi). The obligation to retain data, information, documents or materials identified in Paragraph 2(e)(vi) ends sixty (60) days after the termination of the above-captioned Action(s) involving the Testifying Expert's Sponsoring Party, including final appellate actions or the expiration of the

time to appeal or seek further review.

6. Nothing herein shall limit or waive any Parties' rights to object for any reason to the admission of any evidence, including without limitation any expert report, demonstrative or any summary, affidavit, or testimony from a Testifying Expert, or to the qualification of any person to serve or testify as a Testifying Expert witness.

7. Subject to Paragraph 8, below, there shall be no discovery of any kind of or from any expert or consultant who has been engaged, retained or specially employed by any of the Parties in anticipation of litigation or preparation for trial or any hearing and whom the party retaining that expert or consultant does not expect to call as a Testifying Expert at trial or any hearing, provided, however, that nothing herein shall be construed to prevent a Testifying Expert from producing all materials or otherwise disclosing information, facts or data relied upon by such Testifying Expert whether or not such information, facts or data was provided by a non-testifying expert or consultant.

8. This Stipulation applies solely to discovery of or from Testifying Experts (together with their Sponsoring Parties and the attorneys and other agents thereof) in their capacity as Testifying Experts and does not apply to discovery of fact witnesses or other non-parties other than the Parties' experts and consultants. None of the individuals or entities that served as the Parties' legal or financial advisors in connection with any of the transactions that are the subject of the Actions shall constitute Testifying Experts or be subject to the terms of this Stipulation unless the Sponsoring Party and professional in question shall expressly identify such professional to be a Testifying Expert for the purpose the Actions.

9. This Stipulation may be amended only by a subsequent written stipulation between the Parties or upon order of the Court.

/s/ Kathryn E. Matthews
Kathryn E. Matthews

DAVID J. GRAIS
dgrais@graisellsworth.com
KATHRYN E. MATTHEWS
kmatthews@graisellsworth.com
KRISTINA M. MENTONE
kmentone@graisellsworth.com
GRAIS & ELLSWORTH LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 755-0010

R. PAUL YETTER
pyetter@yettercoleman.com
COLLIN J. COX
ccox@yettercoleman.com
YETTER COLEMAN LLP
909 Fannin Street, Suite 3600
Austin, Texas 77010
Telephone: (713) 632-8000

*Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Guaranty Bank*

/s/ Shannon H. Ratliff
Shannon H. Ratliff

SHANNON H. RATLIFF
shratliff@dgclaw.com
LISA A. PAULSON
lapaulson@dgclaw.com
DAVIS, GERALD & CREMER, P.C.
600 Congress Avenue, Suite 3100
Austin, Texas 78701
Telephone: (512) 493-9600

ANDREW T. FRANKEL
afrankel@stblaw.com
THOMAS C. RICE
trice@stblaw.com
LINTON MANN III
lmann@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000

*Attorneys for Defendants RBS Securities Inc. and Deutsche Bank Securities Inc.*

/s/ Bruce D. Oakley
Bruce D. Oakley

BRUCE D. OAKLEY
bruce.oakley@hoganlovells.com
HOGAN LOVELLS US LLP
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 632-1420

RICHARD H. KLAPPER
klapperr@sullcrom.com
THEODORE EDELMAN
edelmant@sullcrom.com
TRACY RICHELLE HIGH
hight@sullcrom.com
VERONICA W. IP
ipvw@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

*Attorneys for Defendant Goldman Sachs & Co. LLC*

**IT IS SO ORDERED**

SIGNED this the 26th day of June 2017 in Austin, Texas.

_____
UNITED STATES DISTRICT JUDGE